MARK TWAIN BANK, Appellant,

v.

STATE BANKING BOARD of the State of Missouri and American Bank of St. Louis, Respondents.

No. 57227.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 1990.

H. Kent Munson, The Stolar Partnership, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jerry B. Buxton, Asst. Atty. Gen., Jefferson City, Thomas Cummings, John S. Metzger, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for respondents.

SMITH, Judge.

Mark Twain Bank appeals from the trial court's judgment affirming the order of the State Banking Board approving the authorization by the Commissioner of Finance for American Bank to open a branch facility on Olive Boulevard in Creve Coeur. We affirm.

The parties stipulated to most of the operative facts authorizing approval of the application. The only issue litigated before the Board and raised here is the effect of the branch facility upon traffic near the site. Mark Twain has a banking facility within 90 feet of the proposed American site. American proposes to use its site predominately as a drive-up facility. Both the facilities as well as some additional commercial enterprises will be serviced by a two lane access road from Olive Boulevard. Both Mark Twain and American presented expert testimony as well as bank management testimony concerning potential traffic problems arising from the American facility. As might be expected Mark Twain's witnesses foresaw a nightmare of traffic and safety problems, while American's witnesses foresaw nothing out of the ordinary.

The parties have devoted a considerable portion of their briefs to the issue of whether the Board is required by statute to consider traffic safety as part of its consideration of the "convenience, needs and welfare of the people of the community and area served ..." Sec. 362.107.10 R.S.Mo. 1986. Mark Twain contends that the Board did not make a determination of traffic safety but relied instead upon approval of the site development by Creve Coeur and that the Board did not thereby fulfill its statutory mandate.

■ As one part of its findings of fact the Board made reference to the approval of the site plan by the Planning and Zoning Commission of Creve Coeur. It thereafter made three additional findings, one with four subparts, involving the question of traffic safety based upon the evidence before it. In its conclusions of law it specifically stated "The preponderance of the evidence in the record proves that there will be no traffic problem at or around American Bank's Creve Coeur facility as a result of the operations of said facility, and this proves that the welfare of the community and area to be served will be served." The entire hearing was devoted to the issue of traffic safety. It is clear that the Board fully considered the issue of traffic safety based upon the evidence at the hearing and made findings and conclusions based on

that evidence. It is unnecessary, therefore, for us to address the statutory interpretation issue posited by the parties.

 Mark Twain next contends that the decision of the Board was unsupported by competent and substantial evidence, was arbitrary and capricious, involved an abuse of discretion, and was based on improper procedure. The last allegation is a repetition of the previous contention that the Board abdicated its duty to the City of Creve Coeur. We must view the record in the light most favorable to the findings of the Board. *Blue Ridge Bank v. State Banking Board,* 509 S.W.2d 763 (Mo.App. 1974) [10]. Questions of credibility are for the Board. We need not set forth the evidence presented at the hearing. It is sufficient to say that there was evidence which, if believed, supported the Board's findings and conclusions. There was evidence to the contrary. Our appellate function is exhausted when we find that there is substantial and competent evidence upon the whole record to support the Board's action and that the Board's action was not unlawful, arbitrary or an abuse of discretion. *Id.* The Board's findings are supported by the record and are not unlawful, arbitrary or an abuse of discretion.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.